## H. S. GEORGE v. A. S. HUNTER.

### No. 155.

APPELLATE JURISDICTION — *none where amount in controversy less than one hundred dollars.* The Court of Appeals has no jurisdiction to review a judgment rendered in a civil action wherein the amount in controversy is less than one hundred dollars.

Error from Ellsworth District Court. Hon. W. G. Eastland, Judge. Opinion filed January 4, 1897. *Dismissed.*

*N. Coover*, for plaintiff in error.
*Lafferty & Sternberg*, for defendant in error.

CLARK, J. This is an action of replevin brought in the District Court of Ellsworth County by Hunter to recover from George the " undivided two-thirds of six stacks of wheat," situated on a certain farm in said county. The property in controversy was duly delivered to the plaintiff, under the writ of replevin,

and possession retained by him.    Thereafter the defendant answered by general denial, and also claimed a return of the property.    The plaintiff had judgment, and the defendant George, as plaintiff in error, brings the case here.

Hunter was a tenant farmer, a judgment debtor, and the head of a family.    George was a constable, and, by virtue of an execution duly issued to him, had levied upon this property.    Hunter claimed that the property in controversy was exempt to him from execution, under subdivisions 6 and 7 of section 3 of the act relating to exemptions.    The evidence is uncontradicted that these six stacks contained but 400 bushels of wheat, and that Hunter's share thereof was 266⅔ bushels.    The jury found, and the plaintiff in error virtually admits, that under said subdivision 7 and the evidence adduced upon the trial, Hunter is entitled to retain fifty bushels of the wheat for food for himself and family for one year ; and the only contention upon which George bases his proceeding in error is, that the court erred in its ruling upon the admission of evidence offered tending to show that wheat is a suitable food for stock, and in instructing the jury with relation to their finding from such evidence.    In other words, George contends that Hunter was entitled to retain only fifty bushels of this wheat, while he should have been awarded the return of the remaining 216⅔ bushels, or have recovered a personal judgment against Hunter for the value thereof, which was only $83.92.    This amount is below the jurisdiction of this court and precludes a review of the judgment.    § 542a, Code of Civil Procedure ; *Stinson v. Cook*, 53 Kan. 179 ; *Obert v. Loan Co.*, 54 id. 750.

The petition in error will be dismissed.